## Heim v. Heim

*Michael L. Ozalas,* for plaintiff.
*Barry Shabbick,* for defendant.

LAVELLE, *P.J.,* December 3, 1987 — In this divorce action, plaintiff, Maurice Heim, filed a petition for bifurcation seeking to separate the issue of the termination of the marriage from several economic claims which have been heard and are now awaiting disposition by this court. Defendant, Claire Heim, filed an answer opposing bifurcation.

At a hearing on the bifurcation issue on November 19, 1987, in lieu of taking testimony, counsel stipulated to the facts on the issue of bifurcation. After considering the husband's petition, the wife's answer and the stipulation of counsel, we find that the benefits to the parties of bifurcating this action outweigh the disadvantages. Accordingly, we grant the prayer of the husband's petition.

## DISCUSSION

Bifurcation is a procedural mechanism employed in a divorce action to separate the termination of the marriage from the distribution of property and other economic issues. By permitting a speedy resolution of the divorce issue, bifurcation allows the parties to restructure their lives while conflicts surrounding the other details are resolved "so that the marriage and each party's personal life are not held hostage to economic demands." *Wolk v. Wolk,* 318 Pa. Super. 311, 315, 464 A.2d 1359, 1361 (1983). As the *Wolk* court stated:

". . . [T]hese goals [of the divorce code] can be accomplished only by the prompt dissolution of a marriage that is demonstrably over (as defined by the code), and allowing the parties to restructure their lives. The goals can not be accomplished by tying the parties to a dead marriage while all of the conflicts and time-consuming financial details are litigated. . . ." Id., quoting *Casey v. Casey,* 129 P.L.J. 42, 44 (1981).

The standards by which we must view a petition for bifurcation are clearly delineated. The decision to bifurcate should be made only after a consideration of the disadvantages and advantages which would result from bifurcation. *Wolk v. Wolk,* supra.

"[O]nly following the court's determination that the consequences of bifurcating the case will be of

greater benefit than not bifurcating, should it grant the petition." Id. at 317-318, 464 A.2d at 1362.

In the present case, after considering the advantages and disadvantages which would flow from bifurcation, we find that the consequences of bifurcating the claim for divorce from the remaining economic claims will result in a greater benefit than not bifurcating these claims.

The husband contends that if a divorce were granted at this time, without waiting for a resolution of the outstanding economic issues, he would be free to marry again, which he plans to do. Therefore, bifurcation of this action will have the benefit of permitting the husband to release himself from a dead marriage and begin the task of restructuring his personal life.

The wife, on the other hand, contends that bifurcation would cause her an economic disadvantage. She contends that bifurcation should not be granted on the sole ground that she needs the medical insurance coverage provided through the husband's ex-employer, and that this coverage only continues as long as she is married to the husband. The wife is presently undergoing medical treatment, has only a limited income, and can not afford her own insurance coverage at this time.

Since the separation of the parties, the husband's position with the employer providing the insurance coverage has been terminated, and the insurance coverage expired on November 13, 1987. To continue this coverage under the governmental Cobra Health Insurance Plan, which allows employees to continue coverage after termination, the husband would have to pay a premium of $232 per month.

The husband's present income is limited to $234 per week in unemployment compensation. Although it would be desirable that both parties con-

tinue to have medical insurance coverage, in our view, the husband presently lacks the financial ability to continue this insurance coverage.

We find that the advantages to the parties of bifurcating this divorce action outweigh the disadvantages. The advantage to be realized is the husband's ability to begin restructuring his personal life, which until this point, has been "held hostage" to the wife's economic demands. Further, since the only potential disadvantage of bifurcation raised by the wife is the loss of insurance coverage, which we have found that the husband is not financially capable of providing anyway, we find no disadvantage, in practical terms, to bifurcating this action.

For the foregoing reasons, we enter the following

## ORDER

And now, this December 3, 1987, it is ordered and decreed as follows:

(1) The claim for divorce between plaintiff, Maurice Heim, and defendant, Claire Heim, is hereby bifurcated from the pending economic claims.

(2) Plaintiff is hereby permitted to praecipe for entry of a decree in divorce in this matter.